A.C. 185737 United States of America v. Charles Burton. Oral argument is not to exceed 15 minutes per side. Mr. Jagger for the appellant. Good morning. My name is Stephen R. Jagger and I do represent Charles Burton. I have reserved 3 minutes for rebuttal. And please remember to keep your voice up throughout your argument. Thank you. This direct appeal arises from an amended judgment rendered by the District Court sentencing Mr. Burton to 360 months imprisonment. The case was before the District Court pursuant to an order from the Court of Appeals allowing the filing of a successive 2255 petition and a remand for further proceedings without any additional instructions. When the District Court was confronted with this case and Mr. Burton attempted to bring up additional matters directly related to the authority of that sitting court to hear his case, the court determined that his requests were beyond the scope of the authorization sent back by the Sixth Circuit. That was erroneous. Every court of the United States, whether federal or state, has the inherent authority and responsibility to determine its own authority to act. Was this a remand or was this a grant of permission to pursue a successive habeas? It was a remand back to the District Court to determine if the 2255 was appropriate. I'm losing the end. I'm sorry. I'm losing the end of your sentences. Okay. It was a remand back for the District Court to determine whether a 2255 petition was appropriate. And then what relief, because the court gave no instructions, so the relief to be given was either... Wasn't it permitted to go forward on the Johnson issue? That's an issue that this District Court should have determined when it was confronted. I think it was improper for the District Court to ignore the issues of its own authority to act. I think it was erroneous for the court to say, hey, this is beyond the scope of the authorization. It came back. The court had first said when it came back, I'm only going to correct the sentence. Then the District Court says, I'm going to go ahead and grant you a resentencing hearing. Then the court acknowledges it has the authority to revisit under Pascorell to reevaluate the aggregate sentence where there had been a comprehensive sentencing plan by the original District Court judge. When Mr. Burton confronts the court with the issues, the court first says... It changes its mind through the course. The court first says, this is beyond the scope. You need to go back to the Court of Appeals and get another grant to file this successive petition. As the case progresses through time, the court then says, no, actually, your requests here are a motion to amend the original petition. But then it says, I can't hear that either. You need to go back and see if the Sixth Circuit will allow you to do that. I'm going to ask your opposing counsel, but it's a plausible reading of what they've said in their brief that they're no longer arguing on the basis of that at this stage. I'm not sure because, if I can answer that in the broad context of the case, yesterday I got a 28-J letter citing two additional authorities by the United States. The first one was decided in May 2nd of 19, July 26th of 19. Its brief was filed June 4th of 19. I got it on the eve of argument. Secondly, in the original proceedings, the United States took the position, you know what, when you're confronted with this district judge, 1631 transfer would probably be okay. We don't object to it. Transfer it. See if the court will allow you to address these issues. In appeal, they say no, it should not be transferred under 1631. So it's been kind of hard to know what their position is or what they're pursuing. Assume that somehow or other it's properly before us. What are your merits arguments? The merits arguments go across a couple of spectrums. The first one is 43A. In the original proceeding, this case started in 1999. In the original proceeding, the district court mailed the verdict instead of bringing Mr. Burton to court to announce his verdict as required by the rule. Secondly, the... What harm consistent with the purpose of the rule resulted from that? First of all, I think... Assuming that plain error applies on that issue. Sure. I don't think harmless error is a proper standard to review first. I think it's a per se error facing to the right of a fair trial because sentencing... I'm asking what harm it did if you assume that we applied plain error analysis. You can argue against the assumptions, but then you're not answering my question. You're also saying it's a structural error. I am. There were 155 days that passed between the last day of trial and the sentencing. The last day of trial was April 8th. May 26th, it was mailed to counsel. May 29th, Burton was informed because he was in custody at the time. On October 7th, the 1999 sentencing occurred. How does that answer the question? I don't understand. There are multiple instances. Counsel changed, number one. He was held to standard of review in the first appeal to plain error because he was not given the opportunity at the first time to raise objections when the verdict came back. Motion for a new trial, all for argument. You're saying by not having this sent in person he didn't have a chance to object to it? At the time the verdict delivery or make appropriate motions. His counsel also changed. Why couldn't he make an objection to it as soon as he received it? His counsel changed. That's not the fault of whether it's... He could have called him in. I don't understand. I can see why. Maybe it would have drawn it to the attention of counsel more rigorously. He did. And it wouldn't be raised. That's another reason to send this back. I'm not understanding the harm. You've got to get that to win. You get over all these hurdles, right? I understand that. I don't see the harm unless it's just per se harm. That's what I'm asking. First of all, my position is it is per se harm. Secondly, if I could talk about the prejudice angle because I do have it here. Let's look at the ability... What's the reason for having a defendant brought into court at the time of a verdict? A verdict by tradition means a jury verdict. Correct, but it's also... This wasn't a jury verdict, right? It's a decision that... I think case law recognizes that the denial of a right to a public trial not only impacts the defendant, but it's a failure to protect the public interest in the operation of the courts, number one. I think that probably comes to your question, perhaps. Can you just help me understand exactly what happened procedurally? While they were in court, the district judge made some general observations, I think you call them, or general... He nails it now. I thought your brief said that while they were in court, there were some general findings made. There were general findings issued in writing. What happened in the 99th sentence, 99th proceedings, was he appears before the court. The court says, gee, I would like to have some briefs filed. He submits on everything. All the evidence has been submitted to the judge or been some kind of closing arguments or something? Yes. At the close of that, the judge... He then has briefs... He said he'd like to have some what? Briefs filed at the district court level on the sentencing issues. Ultimately, those briefs are never filed. I'm sorry, he asked for briefs on the sentencing issues? On the guilt or innocence phase. Oh. I misspoke. But those briefs were never filed. He then mails the verdict to counsel. Counsel gets with Mr. Burton three or four days later. I think it's three days later. They then hear the sentencing 155 days after that verdict is... The sentencing is in court. The sentencing is in court. And the judge says, I found you guilty of these offenses. Right? Correct. So why isn't that enough? Because that's not the verdict. The verdict was two months later. His counsel has changed. But counsel, the time doesn't matter. Because there's nothing... Because the judge very easily could have called you folks in and said, I want to put the verdict on the record. He could have, but he didn't. Okay. So it can't be the time. The problem is that it wasn't in open court. Right. Now, if that happens with the jury, you know, the jury's gone. You know, it's a problem. But why is it a problem if the court, before sentencing, announced the verdict? If the written verdict is a nullity? First of all, the verdict that comes out are general findings. The verdict that came back what? Are general findings only. I find you guilty. I count this. I find you guilty. But did you ask for specific findings? The court rule says if you ask for specific findings before the verdict, the court is obliged to give you specific findings in writing or orally. Did counsel ask for that? I don't think counsel did ask for that, which Mr. Burton tried to address in 1140, not 1142, 2255, but he was denied at the trial level. The district judge in the original proceeding dies. Are you saying that the item that was mailed to him just said guilty, didn't give factual findings? No factual findings. It was a general verdict. It's a document. That's all he would have had to do in public as far as you're concerned to meet the Rule 43 requirements. Yes, but then Mr. Burton. I can see if the sentencing has to be, if it's a jury verdict, I can see where you would want that because you would want the jury to be there to see the effect. Maybe they could be polled. And I could see it in a sentencing where the person is right there getting the about the way that the judge sees that the sentence affects you and might cause the judge to moderate it or something. It's just very hard for me to see what the underlying purpose is other than mere formality. And mere formalities have to be followed, but if they're not followed, the error has to be drawn to the attention of the judge. That's why I'm looking at what harm it does. I'm looking at the harm that it does in view of the fact that the judge wasn't told, you need to do this at the relevant time. And what is the harm? I'm still having trouble grasping what the harm is. There's something. I sat on the bench for 24 years, and there's something about the personal interaction between the court and a defendant that brings the seriousness, the nature to the defendant, and the importance of the action to the public. And when that is ignored, that is a structural defect that cannot be cured. And it cannot particularly be cured in this case because a remand back. Well, then, to follow up on what Judge White said, why isn't that formal moment there in the sentencing hearing? That's open to the public too, isn't it? Because I think so much time had passed. Counsel had passed. The lawyer who was at trial wasn't even there at the sentencing. It was somebody different. But he wasn't required to sentence him immediately, was he? No. I mean, he wasn't required to announce the verdict immediately, was he? He was not. He could have waited and sent the letter the day before. He did this thing that you say is too late. So I'm trying to see how that's a result of the non-oralness of it. I think the context of the case is important when you make this kind of a decision. And the context of this case is that we are how many years later now, correct? If it's infirm in the beginning, it's infirm now. You can't assume jurisdiction. The district judge in 2017 has to address this issue. Okay, but that's still not answering. I point out that's still not answering. Can I just ask you then about the structural error? How do you define structural error? My understanding of the concept is it's a pretty high bar to clear, for example, the denial of right to counsel in a case might be structural error. We're going to assume there's harm because of the significant deprivation that's involved. How do you define structural error and why does your client meet it? I think case law is clear that the delivery of the verdict is a critical stage of the proceedings. And when the delivery of the verdict fails, it denies that public proceeding, it denies the defendant the right to address the court that is rendering those facts, that decision, especially based on general findings. It's a deprivation of due process. It's a deprivation of the public's right to know what's going on. I think the courts have said if the entire trial was closed, that would be one thing, but this is really quite another. It's a very limited, I understand your point, but it's quite a limited phase in the proceeding. And then, as Judge White mentioned, everyone's back before the court to essentially reconfirm the verdict and then handle the sentencing. But they're back before the court for a very different purpose. I'm just concerned that calling this a structural error would really open up a wide range of things that happen at trial that if raised on direct appeal might be resolved, but at this stage of the proceeding, it's awfully hard to call that a structural error. Unless it was wrong in the beginning, it would carry through to this court. My point about this whole thing, at this structure of the proceeding, is that if it was wrong in the beginning, it was wrong in 2017. If it was wrong in 2017, the presiding judge in 2017 should have heard the argument or transferred the matter to the Sixth Circuit to determine whether another successive petition would be proper or granted what he said was a motion to amend. He has the authority to determine, the responsibility to determine his own authority to act. He didn't do it. Do you have any cases that deal with this situation in the context of a bench trial? I have cases that address it, and I'm trying to find those as we talk. I have cases cited in my brief about a structural error issue. If I could bring it up on rebuttal. Kennedy is your best case, right? Kennedy is the best case. That's not our case. That's the Second Circuit. It is. It's correct. Thank you. Thank you for extending my time. I appreciate it. Good morning. May it please the Court. My name is Luke McLaurin, and I'm here on behalf of the United States. Mr. Burton's conviction and sentence in this case should be affirmed because his conviction is valid and the district court properly exercised its discretion when imposing a below guidelines term of 360 months imprisonment. Now, much of Mr. Burton's argument focuses on a claim that his convictions are invalid because the district court mailed its general findings out to him before it announced its verdict at the beginning of the sentencing hearing. Are you claiming that the beginning of the sentencing was the court's actual verdict? It certainly could be construed that way. The language in the rule about return of verdict doesn't identify what exactly counts as a return of verdict when you have a bench trial. Here what we do have is we have a proceeding in this case where everybody was present, the court was on the bench, the defendant was present, and he did announce the verdict that he had reached. I think it's important to understand what happened in this case in light of the context, and there was some discussion of the context. There was a bench trial here. At the end of the bench trial, defense counsel requested, pursuant to Rule 23, that the parties be able to file post-trial briefs and that the court then issue general findings. Now, what Rule 23 says, it contemplates the situation. It says, look, when you have a bench trial, sometimes parties are going to want the court to issue general findings, and the court can do that in writing. That's specifically what Rule 23 says. Those briefs were going to go to guilt, not sentencing. Yes, those were guilt innocence only. Now, apparently what happened, and we know this from the document that the court filed, is that the parties later on said, you know what, we don't actually want to or need to file post-trial briefs. We still want you to issue general findings. And so what the court did is it issued Document 181, which it titled General Findings, the kind of document that you would expect to be issued under Rule 23, and it specifically referenced Rule 23. What it then awkwardly did in that document is it also announced findings about guilt. So I can see how one could construe that as a return of verdict that was mailed, which doesn't seem to technically comply with Rule 43, although at the end of the day the court also announced its verdict in open court at the beginning of the sentencing hearing, which would certainly seem to satisfy the purposes of Rule 43. Do you agree that the word verdict includes non-jury determinations of guilt? I mean, traditionally a verdict was something that the jury came down with, right? I would agree that for purposes of Rule 43 it has been understood that way, that a finder of facts determination of guilt or innocence is what is generally considered the verdict for purposes of Rule 43. Okay, thank you. The issue here, though, about this alleged Rule 43 violation is one that the court really doesn't even need to get to in this case, and there are several reasons for that. The first is while we acknowledge that that issue is properly in front of this court, Mr. Burton waived that issue by never raising it in his prior appeal. This court has well-established jurisprudence that when you have situations where you have multiple appeals, you're supposed to raise whatever you can in your first appeal. And his initial appeal from his original conviction, he had an opportunity to raise lots of claims, and he did raise lots of claims, but one claim he didn't raise was to say that Rule 43 was violated. Is there an argument about ineffective assistance of appellate counsel? I'm just asking if that's argued. That's a possible argument that— Was it argued? It was not argued. There was no—it has not been argued in this case. There's been no assertion that appellate counsel was ineffective in that regard. Is that rule true when there's an intervening new verdict, which is what happened here? Or is that a new sentence? Yes, it is. In fact, because where this typically happens, Judge Redler, is when you have somebody, a defendant, appeals something about their case. It goes up, and either a conviction gets vacated or a sentence gets vacated. The proceeding gets remanded for either—at that point, the original judgment is going to have been vacated, and a new amended judgment is going to have been entered, exactly the same kind of thing that happened in this case. And then somebody goes up on appeal again and tries to raise issues that they could have and should have asserted in their prior appeal. This court has consistently said, no, we're not going to allow you to do that. You should have raised that issue in your initial appeal. Let me ask you this. If we find that issue more challenging than the merits issue under plain error, there's no preclusion for us— there's no requirement that we address the procedural default issue. Is that correct? Your Honor, I'm not sure I understand the question. We could go ahead and say there was no plain error, and therefore we don't need to reach the procedural default issue. We don't have a jurisdictional requirement. You could certainly decline to address whether the issue is waived if you find that the issue is ultimately meritless, because he's not satisfied the plain error standard. That answers my question. And while I'm at it, I have a couple of other of these technical questions, if that's all right. Do you argue that a certificate of appealability was required in this case? Not in this case. He's appealing the amended judgment. He did not appeal the judgment from the 2255 proceeding. But if we consider the appeal to include an appeal from the 2255 motion, then arguably a COA would be required. But you don't make that argument. I just want to make sure what you're arguing. You're not making— We're not saying a COA is required because he's not actually appealed the judgment from the 2255 proceedings. If he had appealed that judgment, he would have needed to get a COA to appeal the judgment from the 2255 proceedings. So that's the basis. But you're saying the issue isn't even— There are lots of issues that he has raised, some of which are not really properly in front of this court. All of his arguments about the district court's decisions regarding the handling of his 2255 motion and his request to amend his 2255 motion, none of those are properly before this court because those are matters that are subsumed within the judgment granting 2255 relief. And if he had wanted to appeal that aspect of the proceedings, he needed to appeal from that judgment. He didn't. He only appealed the amended criminal judgment entered in this case. Andrew's case is arguably inconsistent with that. But we can talk about it. We can set that aside for a moment as far as I'm concerned. What I want to ask now is the basis for the district court's decision, as I understand it, is that they should have obtained permission from us before getting into that issue. Is that correct? With regards to the Rule 41, yes. The Rule 43 you're talking about. Oh, excuse me, Rule 43. That's correct. I'm talking about the Rule 43 issue now, with respect to the Rule 43 issue. But I take, and I just want to get clear, because your opposing counsel was a little unclear and I was a little unclear as to exactly what the government's position is. The government's position is, yes, the district court was correct at the time that it made that decision to rely on the absence of authority from us to reach that issue. But once it entered a new judgment, that made it okay for us to reach that issue. Not altogether, but notwithstanding the second or successive hurdle. Yes, and let me explain. I want to make sure the answer is yes. Yes. We no longer, in the government's view, we no longer have a second or successive hurdle problem with respect to the Rule 43 issue. And your answer is yes. And you can explain it, but I want to make sure the answer is yes. Yes. On appeal, this court does not have a problem with considering that, because we have a new judgment that was entered. We have an appeal from that judgment. This court can consider issues relating to that judgment. That doesn't mean that all the issues raised haven't been waived, and we've talked about that already, but this court can consider that. Waived on direct appeal? Waived by not having been previously asserted in the prior direct appeal. The Rule 43 argument? The original direct appeal. The original direct appeal. Yes. So our position is that the district court properly found that it didn't have jurisdiction to consider Rule 43. The reason it didn't have jurisdiction was because at that time, a new judgment had not yet been entered. The district court was in the 2255 proceedings, and it was specifically in a successive phase of the 2255 proceedings. At that point, the district court could only act pursuant to this court's authorization, and this court had only authorized the court to consider a sentencing claim related to Johnson. That's the only thing that Mr. Burton asked the court to authorize it, the district court to consider. And he couldn't just amend the petition because this wasn't his first petition? Yes, exactly. If he wanted to amend it with another claim, he would have to get permission from this court to amend it with that claim. The district court advised him of that well before the sentencing in this case, said, look, if you want to add another claim about Rule 43, you have to go to the Sixth Circuit and get authorization to do so. He didn't do that. He kept trying to bring the claim in through other mechanisms, and the court kept saying, no, you need to get authorization because I can't consider it until you get authorization. And so our position is that the court's decision below not to address that argument was absolutely proper because the district court didn't have authority to address that argument. The district court made the determination that he was eligible for a particular form of 2255 relief, which was a resentencing. When a district court makes that decision, that's not a decision that vacates the conviction. It's a decision that only allows the court to engage in a resentencing, which is exactly what the court did. I think it's commendable of you to say that we have jurisdiction when you have this underlying argument that the district court didn't have jurisdiction. So we're affirmed. It just seems a little bit anomalous to me that we have jurisdiction to affirm a decision that the district court, at the time it made it, didn't have jurisdiction to enter into. It just seems a little strange. Something in the back of my mind clicks like that doesn't sound right. Just to add that, if we are affirming on the merits, we're affirming on the merits of an issue that the district court didn't have. Well, yeah, the district court. But we do that, but it seems a little strange to say we have jurisdiction that the court didn't have jurisdiction. It is a little strange to affirm on grounds that the district court relied. But where they're both argued before us and it's an affirmance, we do that, or we can do that. It's a little bit strange, at least strange to me, to say the judgment that we're appealing from is an intervening judgment, but at the time that the judgment we're appealing from was made by the district court, he didn't have jurisdiction to do it until he did it. If I don't have jurisdiction to do something until I do it, then that sounds a little strange. That isn't exactly what's going on. It's not exactly what's going on. Do you see what my puzzlement is? I absolutely understand your puzzlement, and I agree that it's a very puzzling situation, but I think it's a puzzlement that arises because of the Supreme Court's decision in Magwood and this Court's decision in King, which says that when you have a new judgment that gets entered following a 2255 proceeding, that sort of resets everything because you have a new judgment. And so the situation we had is he was trying to raise these Rule 43 claims before there was a new judgment. At that phase, when there was no new judgment, he was in success of 2255 land. Now that there is a new judgment and it's up on appeal, he can raise all the normal claims he can raise to challenge a judgment on appeal, including the fact that the conviction underlying the judgment is invalid. Now those claims are also going to be subject to the same procedural rules, procedural default rules that any other claim would be subject to. But I think that's where we get this awkward situation. If that's the way it works, then not only don't you ever have to raise these things in the trial court, but you're not even allowed to. At which trial court? I think the whole point is Mr. Burton could have raised this Rule 41, should have raised this Rule 43 argument way back at the initial phase in this case, right at the time of the sentencing hearing. He should have said, whoa, whoa, whoa. You mailed me the verdict. That was a problem. And the court could have— That's what kicks you into plain error. Yes. And so I think that the defendant had an opportunity to raise these claims at the right time. In his initial proceeding, he could have raised them in his direct appeal. He didn't. He waited until after the district court said it was going to grant him success of 2255 relief on a completely unrelated sentencing claim to then start talking about Rule 43. And at that point, the district court appropriately said, I don't have jurisdiction to consider this. Now that the district court has entered a new judgment, this court does have jurisdiction to consider issues related to the judgment, and we're happy to address this Rule 43 argument. We maintain— This has the feel of a criminal procedure exam, unfortunately, this case. But if we get to the end and we get to the Rule 43 issue, how do you distinguish Kennedy? It seems pretty close in the facts to our case, and I can see a difference between a jury returning a verdict in front of the defendant and all that that entails and maybe polling the jury. But the court's a little bit different, but the Second Circuit found it was a fundamental error. I think the Second Circuit's decision that this is a structural error is wrong for several reasons. First, it conflicts with this court's precedent. This court has consistently said that Rule 43 errors are subject to both harmless error and plain error review. The clearest decision on that is Gibbs, which addressed a situation very similar to this, where a defendant was denied the right to be present during an important stage in the proceedings, namely part of the voir dire examination of a juror. And the court there said, no, that's still subject to harmless error, plain error review. The Second Circuit's decision in Kennedy is also inconsistent with Supreme Court precedent, which has said that these kind of errors are not structural errors. I think there's two key Supreme Court decisions that the court should consider. I see my time is about to elapse if I could at least finish mentioning them. The first one is Ruchin v. Spain, which I apologize is not mentioned in our brief. Ruchin v. Spain, it's 464 U.S. 114. It's a 1983 case. And that case, I think, is really important because there the court explicitly said the right to be present at trial is extremely important. It is a fundamental right. It is absolutely crucial. And yet we still think it is subject to harmless error review. It is not a structural error. The court was very clear in that case in saying that. And if you look at the Supreme Court's opinion in Rogers, which we cite in our brief from 1975 there, the Supreme Court also said, look, Rule 43 errors can be harmless. Judge Redler, you asked before about what's the definition of a structural error. The Supreme Court has said structural errors are those things that go to the basic protections that are necessary to ensure that we actually have a reliable criminal trial. And it is the rare case, the Supreme Court has said, when you're going to have a structural error because most errors can be assessed for harmlessness. And this is a great example. This error can be assessed for harmlessness. And as Judge Rogers has pointed out, there simply wasn't any harm to Mr. Burton here. I don't want to step in on your inquiry. I'm done. Your opponent argues, at least at this stage of the argument, that there is some harm. He also has an argument that it's structural, but also that if it's not structural, there is some harm. At least that's how I take the argument. And the harm is that it's not open to the public, and so therefore we can't have the same kind of confidence in the verdict, as we generously define verdict, where it's announced in public. I mean, presumably there's something in the air which, if there's something that the judge is hesitant about the verdict, would be reluctant to do in public that might more easily be done by just sending a letter. We all know that sometimes it's easier to send a letter than to face somebody. Why isn't that? I mean, that seems to me to be the strongest argument that they have. Why isn't that some kind of prejudice? Prejudice that's built into the purpose for the rule. Here, if we're concerned about the public being aware of what's going on and having openness, everything here was open to the public. The general findings that the court filed were filed in the public record. This wasn't a secret document that was mailed out only to the parties. This was filed in the public record. I'm not sure that its argument is that it's available to the public. It's that it's presented in public. And it seems to be what the rule says. Well, the rule's recognizing some interest in having it be in a public proceeding rather than in a written proceeding that's filed on the docket that's available to anyone who knows how to look for it. The rule recognizes that there's something to be protected there, and he's articulating that what it is is this extra added confidence that what you're doing is correct when you're willing to do it and state something in public as opposed to write a letter. How do you respond? I'm not sure I'm convinced by that, but I understand the argument. The court did also state all of this stuff in public as well. At the beginning of the sentence hearing, we have that statement from the court. We had that opportunity for the public, for Mr. Burton, for everybody who was involved in this case to see the fact finder announce his verdict, to see if he was expressing any doubt or concern about his verdict. There was that opportunity for the public airing. What did he say in that public? I mean, he announced. Has he already determined this, or does he say I'm guilty? He listed out each one of the offenses he had found him guilty of. He identified then, consistent with the sentencing procedure, identified what the penalties were. Would you have a harder argument if you didn't have that? I think it would make our argument a little bit more difficult, but again, the whole point here is these are the kinds of issues that you review for plain error, and on a plain error standard review, the defendant is the one who has the burden of showing prejudice, and this defendant simply hasn't shown any prejudice. Thank you. Thank you, Your Honor. I'm going to address this in reverse order. Having sat on the bench, I've given the death penalty. It's very different saying I am finding you guilty of the murder of than at sentencing saying I have found you guilty of. It's a subtle difference, but it's an important difference. This circuit has recognized that in the United States v. Williams, this court held that a district court erred by conducting a sentencing hearing by videoconference instead of having the defendant physically present in court. It said that even though Mr. Williams appeared via videoconference and his elbow counsel was present in the courtroom, there was still error. Error or plain error? Error. Direct review? Error. This court relied on the plain language of 43A3 that requires the defendant's presence at sentencing, vacated the sentence, and remanded for resentencing. It was a direct review? Yes. You have a better argument. I agree. Yes. Direct review. Okay. So what is the remedy to send it back to the judge and say find your verdict in open court? Well, the remedy in Kennedy was a new trial. We can't do that here. I'm sorry. The remedy in Kennedy was a new trial, I believe. But Kennedy was a jury trial, wasn't it? It does, but if you look at Rule 43, it doesn't distinguish. If you look at the case law, it doesn't distinguish. That's what I asked you. Do you have any? Diaz v. United States. I'm sorry. Diaz v. United States, 223 U.S. 442, holds that a criminal defendant charged with a felony have a right to be present at all stages of a trial, quote, especially at the rendition of the verdict. The court goes on to hold that the right to be present is scarcely less important to the accused than the right of trial itself. You'll find that at page 455. That case event trial? It was in 1912, I'm not sure. But it's still good law. Do you have any cases? I'm just asking if you found any involving a bench trial where there was something similar. Kennedy's a bench trial. Kennedy's a bench trial. The Kennedy facts are pretty similar. Oh, I'm sorry. He said the opposite. Earlier. Huh? He said both, so I think it is a bench trial. I think it is a bench trial. Your fault. But a structural error, to answer your earlier questions, is a defect in the trial mechanism itself. The presence of a defendant at the time of verdict is a central and fundamental principle of the criminal justice system. That's United States v. Bethea out of the Seventh Circuit. Kennedy's out of the Second Circuit. The Rule 43 violation is a per se error in the Tenth, Fourth, and Fifth Circuits, as pointed out in my brief. Arizona v. Fulminante, I can't say that, quoting that decision, some constitutional errors are so basic to a fair trial that their infraction can never be treated as harmless error. As to the prejudice, getting back to Judge Rogers' question, the, if I could, I hit that mark and just lost my place. It's prejudicial, not only to Mr. Barton, I think, but to the public, that this occurred the manner in which it did. It's prejudicial to him that his efforts, if I can find that again, his efforts are consistently, this position, I guess, is consistently presented throughout the life of this case from the day this Court affirmed the original conviction all the way through 2018, for multiple stages. He objected at what point first? He... I thought it was later than... It was after the case was affirmed on appeal. United States v. Crozier was the name of the original case. I can give you the litany of the history. 2000... I'm asking when this Rule 43 issue was presented to the District Court. It was presented... So the whole idea of plain error, in my view, is does the District Court deserve to have this argument presented so the District Court can have a clean trial? I have great sympathy for the District Court to say you're reversed because of something that was never drawn to your attention. It only happened in the plainest of cases. I understand. So I'm asking when was the first... I don't mean the date. What stage was it? Mr. Barton filed several pro se motions in the resentencing of the 2017 process. Oh, but not back when the original judge was even around. Correct. And if... That's why we directly challenge this Court's authority to proceed. If they had come in in sentencing and the lawyer said, Judge, we received this from you and I understand that it was addressed to our... that we wanted some findings of fact, but, I mean, this verdict needs to... We object to the verdict. We object to the fact that you mailed it. And then what if the Court had then said something almost exactly like it said, which is, well, I found you guilty of these things. Would he still be entitled to a new trial? If it occurred back in the... I'm sorry, what? If it occurred back in the original proceeding, then I don't think we'd be talking about 43. If it occurred... If that occurred after the verdict was sent and at the beginning of sentencing? You say that would be okay? I don't think we'd be talking about it today. It would depend on the... Would it be okay or not? I mean, probably, because it's addressed then. It what? It may have been... If the original Court would have addressed this, if he had... You said there was all this prejudice from the delay and everything, but that's... Now you're sort of agreeing that that's beside the boards. It's just the words that were uttered at sentencing were in the past tense. I think they were insufficient, yes. I think there's a very big difference at that stage of the proceeding as opposed to the actual delivery of the verdict. Very different. I'm sorry, I don't understand your answer. Are you saying it's okay? Are you saying that that is the same structural error or not? It's the same facts. The only difference is that at the beginning of sentencing, counsel objects to the fact that the verdict was sent in writing. The error then would have been preserved for review. On the direct appeal of that conviction, Mr. Barton would perhaps not have been held to a plain error standard. Okay, but let's decide the merits then. So it's preserved. Correct. What happens? What happens on appeal? Is that reversed because it's structural error or does the court... My position is, yes, it is if it's mailed to him. If it's set in open court, no. So you're saying it doesn't matter... Because we have that confrontation and that presence issue is resolved. We don't even have the issue to address at that point. If it's resolved. I'm sorry? If I'm understanding your question... I'm taking Judge White's question to be not so much does plain error apply or not later as the underlying reason for plain error is that the judge is given a chance to correct it. What if the judge was given a chance to correct it, as he wasn't in this case at sentencing, if he was given the chance and he grabbed the chance and he said, okay, you've made this objection, I'm going to listen to what you say and I'm now going to give the verdict in open court, our being now in open court. Then the question is, is there a violation anymore? Is there a violation of 43A at that point? Yes. No. In that question, it seems to me to say that the harm in doing that versus doing what the court did can only be minuscule because it only has to do with the difference between I now find and I have found. It's like two words, one's in the past tense and one's in the present tense. That is enough to do away with all the formality that the rule protects. It's just hard to see why we're struggling with that. I understand your position. I don't agree with it because I think the dynamic is very, very different. The dynamic is very different for the public, the confidence in the outcome. Here we are 155 days later. But in your example, it's okay if they did that 155 days later as long as they use the right words. You just agreed to that. Well, I guess I agree with you. You see the problem I'm having? I mean, you can do all these other things, but they don't make a difference if 155 days later he said, I now find you versus I have found you. I think the difference is the context. I think there's a very big contextual difference. So I don't wholly agree that it's okay, I guess. I think the contextual and the environment, everything is different. And several circuits have found the 43 validation to be per se air without this discussion. Thank you. I understand. Thank you very much. I see that you were appointed under the CJA, and we greatly appreciate it and provided excellent representation. Thank you. Again, I appreciate the extra time today, as does Mr. Burton. We like talking with you, Mr. King. I'm sorry? We like talking with you, Mr. Jager. Oh, I'm sure. Thank you very much.  The case will be submitted.